**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

JOSHUA BARRETT SHAPIRO,
              Plaintiff

     v.                                                C.A. No. 011-140-ML

ROGER WILLIAMS UNIVERSITY, et al.,
              Defendants

**ORDER**

I. Background and Procedural History

This case[1] was dismissed on August 17, 2012 (Docket ## 147, 148) when this Court granted four separate motions for sanctions and dismissal (Docket ## 112, 126, 127, 132) filed by the defendants ("RWU"). In the dismissal order, the Court made several findings in determining that dismissal with prejudice was warranted, i.e., that the plaintiff failed to provide answers to RWU's interrogatories, to produce documents as requested by RWU, and to appear at his own deposition, all in violation of separate orders issued by the assigned Magistrate Judge (Docket ## 104, 108, 114). The Court also noted that the plaintiff, Joshua Barrett Shapiro ("Shapiro") had been given free access to PACER, which provided him with unlimited access to any court filings in the case

---

[1] The facts of the case and the circumstances of the litigation have been repeatedly recounted in some detail. See, e.g. Shapiro v. Roger Williams University, C.A. No. 011-140-ML, 2012 WL 1565282 (D.R.I. April 30, 2012); Shapiro v. Roger Williams University, C.A. No. 011-140, 2012 WL 3581148 (D.R.I. August 17, 2012).

1

without incurring costs. In addition, RWU made concerted efforts to mail copies of all its submissions to Shapiro, which was made more difficult by Shapiro's continued false representation that he lived in California instead of Virginia where he actually resides. Most significant to the Court's determination as to the instant motion, Shapiro raised <u>no</u> objections to RWU's motions to dismiss the case.

With respect to RWU's motions, the Court concluded that "in view of Shapiro's continuous and flagrant misconduct in the course of this litigation, including making misrepresentations to the Court," dismissal with prejudice was appropriate. <u>Shapiro v. Roger Williams University</u>, 2012 WL 3581148 at *9. After the case was dismissed, Shapiro filed a timely appeal to the U.S. Court of Appeals for the First Circuit. (Docket # 149). The record on appeal, including the original file, a certified copy of this Court's docket, and Shapiro's notice of appeal, was transferred to the First Circuit on September 11, 2012. (Docket # 151,152).

II. Shapiro's Motion

The matter is now before the Court on Shapiro's

> "REQUEST FOR TRANSCRIPTS AND/OR TRANSCRIPTS OF ANY AUDIO RECORDING OF ANY HEARINGS, MOTIONS, CONFERENCES, EX PARTE HEARINGS/MOTIONS/CONFERENCES, AND/OR OTHER PROCEEDINGS." (Docket # 153).

In addition to transcripts of the audio recordings[2] in this

---

[2] Proceedings before the Magistrate Judge are audio-recorded; a transcript is prepared only if it is ordered by a party, generally at that party's expense.

case, Shapiro seeks to be provided with all "tangible items" set forth in a on-and-a-half page list, including diaries, calendars, appointment books, studies, working papers, statistics, intra-office communications, telephone message slips, ledgers, financial disclosures, computer thumb drives, etc. Shapiro Mot. 2 (Docket # 153). Shapiro also requests that a "courtesy copy for review and consideration" be furnished to the First Circuit.

Shapiro represents that, upon contacting the First Circuit, he was "referred to this court to obtain these records without cost or expense." Id. at 1. Shapiro also notes that, on April 5, 2011, he filed a motion for leave to proceed *in forma pauperis*, (Docket # 2) that was granted by Magistrate Judge Martin on [May] 12, 2011.(Text Order May 12, 2011).[3] At the time Shapiro filed his initial request to proceed *in forma pauperis*, he represented that he was unemployed and received social security disability payments as his only income. (Docket # 2). In support of that request, Shapiro provided a letter from the Social Security Administration confirming that he was receiving supplemental social security income. (Docket 2-1). Regarding the instant motion, Shapiro represents that his "income remains social security disability as his sole source of income" and that he is "unable to afford or to satisfy payment for his

---

[3] As reflected on the Appellate Court Docket, the First Circuit took notice on October 10, 2012 that Shapiro's request to proceed *in forma pauperis* was granted by this Court on May 12, 2011.

3

request." Shapiro Mot. 5.

On November 9, 2012, RWU filed a response in opposition to Shapiro's motion based on Rule 24 of the Federal Rules of Appellate Procedure.[4] (Docket # 154). RWU noted that Shapiro sought a "laundry list of materials to which he is not entitled," RWU's Response 1, and it suggested that Shapiro's appeal was not taken in good faith, therefore precluding him from proceeding *in forma pauperis*. Id.

In his reply (Docket #155), Shapiro points out that RWU had previously sought to dismiss his appeal for want of diligent prosecution (Shapiro had failed to submit a docketing statement, fee and appearance form within the time limit set by Rule 3.0 of the First Circuit Local Rules), but that the First Circuit had dismissed RWU's motion.[5]

III. Discussion

Pursuant to Rule 24 of the Federal Rules of Appellate Procedure, "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without prior authorization, unless . . . the district court - before or after the notice of appeal is filed -

---

[4]

RWU's motion erroneously references the Federal Rules of Civil Procedure.

[5]

RWU's motion was denied as moot. Shapiro does not attempt to clarify how RWU's prior motion is relevant to his instant request.

certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states its reasons for the certification or finding." Fed. R. App. P. 24(a)(3)(A).

"The 'good faith' requirement is designed 'to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact'." Lyons v. Wall, C.A. No. 04-380-T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007)(internal citation omitted). As such, "[t]he good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous." Laurence v. Wall, C.A. No. 08-109-ML, 2009 WL 1657590 at * 1 (D.R.I. July 11, 2009)(citing Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962)). "An appeal is deemed frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Laurence v. Wall, C.A. No. 08-109, 2009 WL 1657590 at *2 (quoting Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991)).

Shapiro seeks to appeal the dismissal of his case by this Court. It is undisputed, however, that Shapiro elected not to object to any of RWU's motions which sought dismissal of this case. As this Court has previously noted, although Shapiro is not an attorney, it is evident from his verbose and frequent submissions that he has had some legal training. Particularly, Shapiro has

repeatedly demonstrated that he is well acquainted with the Federal Rules of Civil Procedure. His *pro se* status does not "absolve him from compliance with the Federal Rules of Civil Procedure." United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992). Because Shapiro never objected to RWU's motions to dismiss, any arguments he may intend to raise on appeal with respect to that dismissal have been waived. See e.g., Davis v. Lucent Tech., Inc., 251 F.3d 227, 232 (1st Cir. 2001)(re-emphasizing that "'[n]o precept is more firmly settled in this circuit than that theories not squarely raised and reasonably propounded before the trial court cannot rewardingly be advanced on appeal.'")(quoting Lawton v. State Mut. Life Assurance Co., 101 F.3d 218, 222 (1st Cir. 1996)).

Moreover, the voluminous record of this case reveals no less than seven instances of serious misconduct by Shapiro, all of which resulted in additional, costly, and often wasted efforts on RWU's part to defend itself in this litigation. *Inter alia*, Shapiro continued to represent the address of his father's California law office as his own and insisted that all documents related to this litigation be sent there, when in reality, he is a resident of Virginia. Shapiro also attempted to convince this Court that RWU's counsel had failed to confer with him prior to filing a motion for protective order; the Magistrate Judge found that defense counsel had, in fact, conferred with Shapiro. Shapiro continuously disobeyed orders of the Court by not providing discovery documents

6

and failing to appear at his own scheduled deposition. Shapiro's conduct served to delay the process of litigation, cause unnecessary expense to RWU, and put a strain on the Court's limited resources.

In addition, although Shapiro's initial motion to proceed in *forma pauperis* was granted, the Magistrate Judge expressed some doubt in the course of the litigation that Shapiro had accurately represented his economic situation. Shapiro represented that his entire income was limited to social security disability payments, which were used entirely for rent and food. Nevertheless, Shapiro did travel to Rhode Island to attend two hearings in this case for which he purchased airline tickets; he also purchased a third ticket which he then returned because he was permitted to participate by telephone.

In sum, Shapiro's conduct in this litigation compels this Court to conclude that Shapiro's appeal is taken in bad faith for the purpose of harassing RWU rather than to redress his alleged injuries. With respect to all pleadings and other submitted documents in this case, the record on appeal was previously transferred to the First Circuit and Shapiro has access to all such documentation through his free PACER access. For all of the foregoing reasons, Shapiro's request for transcripts and other

materials at no expense based on his *in forma pauperis* status is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi

Chief United States District Judge
November 29, 2012